LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8972 GAF (PLAx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | Developers Surety and Indemnity Company v. Steven M Hartley et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

### ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION

On October 17, 2012, Plaintiff Developers Surety and Indemnity Company brought suit in this Court against Defendants Steven M. Hartley, Barbara Hartley, The Arbors at Desert Hot Springs, LLC ("ADHS"), and Bluestar Management, Inc. ("Bluestar) (collectively "Defendants"). (Docket No. 1 [Compl.].) Plaintiff asserts causes of action for breach of contract, specific performance, quia timet, declaratory relief, and statutory reimbursement. Plaintiff alleges that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. ¶ 8.) However, as set forth below, the Court cannot presently determine the citizenship of all parties. Accordingly, Plaintiff is **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (court has duty to establish subject matter jurisdiction over action sua sponte, whether the parties raise the issue or not).

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8972 GAF (PLAx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | Developers Surety and Indemnity Company v. Steven M Hartley et al | | |

    Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis added).  "[A]n LLC is a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter v. Warner Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

    Plaintiff adequately alleges its own citizenship and that of Steven and Barbara Hartley.  However, Plaintiff does not adequately allege the citizenship of ADHS and Bluestar.  Plaintiff alleges that Defendant ADHS "is a limited liability company under the laws of the State of Washington, and is a citizen of the State of Washington."  (Compl. ¶ 4).  However, under the legal standard noted above, Plaintiff must allege the citizenship of ADHS' owners/members.  Furthermore, Plaintiff alleges that Bluestar "is a corporation incorporated under the laws of the State of Washington, and is a citizen of the State of Washington."  (Id. ¶ 5.)  This is insufficient as Plaintiff has failed to allege Bluestar's principal place of business.

    Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE no later than Tuesday, February 19, 2013** as to why the Court should not dismiss this action for lack of subject matter jurisdiction.  Plaintiff may respond by filing an amended complaint setting forth the appropriate jurisdictional information.  **<u>Failure to respond by this deadline will be deemed consent to dismissal.</u>**

    **IT IS SO ORDERED.**